```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

GROVER L. DILLON, SR.,
    Movant,

v.                                       Civil Action No. 1:10-266
                                         (Consolidated 1:11-0428)
                                         Criminal No. 1:98-0140

UNITED STATES OF AMERICA,
    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court are Grover L. Dillon, Sr.'s ("Movant's") (1) second Motion to Reconsider and (2) petition for a Certificate of Appealability. Doc. Nos. 279, 280. For the reasons below, both motions are **DENIED**.

### Factual and Procedural History

On March 19, 1999, the Movant pled guilty to five counts of mail fraud in violation of 18 U.S.C. § 1341. Doc. Nos. 51, 52, Case No. 1:98-cr-0140. The court sentenced Movant to a 60-month term of incarceration for each of the five counts, to be served consecutively, totaling 300 months. Doc. No. 102, Case No. 1:98—cr-0140. The court also ordered Movant to pay $754,596.00 in restitution. Id.

On August 10, 1999, Movant, by counsel, filed a notice of appeal, challenging his conviction and sentence. The Fourth Circuit Court of Appeals affirmed Movant's conviction and

1

sentence on September 13, 2000.  United States v. Dillon, 320 F.3d 1354 (4th Cir. 2000)(unpublished).

On November 1, 1999, Movant filed his first motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  Doc. No. 1, Case No. 1:99-cv-0977.  The motion was referred to Magistrate Judge Mary S. Feinberg.  On November 23, 1999, Magistrate Judge Feinberg recommended that the motion be denied without prejudice on November 23, 1999.  Doc No. 4, Case No. 1:99-cv-0977.  On March 7, 2000, the court adopted Magistrate Judge Feinberg's recommendation and dismissed the Section 2255 Motion without prejudice by Memorandum Opinion and Order.  Doc. No. 5, Case No. 1:99-cv-0977.

On March 8, 2010, Movant filed a motion under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence.  Doc. No. 219.  On June 20, 2011, the Movant filed a third § 2255 motion.  Doc. Nos. 233, 234, Case No. 1:11-cv-0428.  On July 11, 2011, Movant filed a "Motion to Have Previously Filed 28 U.S.C. 2255 Motions in this Instant Case Stricken and Replaced by the Attached Motion Dated June 13, 2011."  Doc. No 240, Case No. 1:11-cv-0428.  Magistrate Judge VanDervort granted the motion and consolidated Case Nos. 1:10-cv-0266 (this case) and 1:11-cv-0428 under this case.  Doc. No. 252, Criminal Action No. 1:98-cr-00140.

By Standing Order, these actions were referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On November 10, 2011, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation ("PF&R"). Doc. No. 253. On February 14, 2012, the court confirmed and adopted the PF&R and denied Movant's § 2255 motions. Doc. No. 269.

On March 5, 2012, Movant filed a Motion to Reconsider the court's denial of his § 2255 motions. Doc. No. 272. On April 18, 2012, the court denied Movant's Motion to Reconsider. Doc. No. 278. Five days later, on April 23, 2012, the court received what it construes as a second Motion to Reconsider the court's denial of his § 2255 motions. Doc. No. 279. On July 2, 2012, Movant petitioned the court for a Certificate of Appealability. Doc. No. 280.

## Discussion

### Second Motion to Reconsider

The court construes Movant's "Letter-Form Supplement to [Movant's Motion to Reconsider]" as a second Motion to Reconsider. Movant's second Motion to Reconsider merely points the court toward more recent Supreme Court case law on an individual's Sixth Amendment rights without further support. As a result, Movant's second Motion to Reconsider largely resembles

his first.  Accordingly, the court DENIES Movant's second Motion to Reconsider for the same reasons it denied his first.

<u>Petition for Certificate of Appealability</u>

A Certificate of Appealability will not be granted unless there is a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner satisfies the statutory standard only by showing that "reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable."  <u>Smith v. United States</u>, 5:09-CV-01257, 2012 WL 3079189 (S.D.W. Va. July 30, 2012)(citing <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003)).

As with Movant's panoply of § 2255 motions and motions to reconsider, Movant's petition for a Certificate of Appealability makes only conclusory statements, some of which pertain to the United States Constitution.  However, simply asserting constitutional violations does not equate to making a substantial showing of the same.  No reasonable jurists would find this court is wrong in assessing Movant's constitutional claims because those jurists would, like this court, only see a list of conclusory allegations, not all of which relate to denials of constitutional rights.  Accordingly, the court DENIES the Movant's petition for a Certificate of Appealability as it

4

fails the standard to issue such a certificate as outlined under 28 U.S.C. § 2253(c).

## Conclusion

The court **DENIES** Movant's second motion to reconsider (Doc. No. 279) and **DENIES** Movant's petition for a Certificate of Appealability. (Doc. No. 280)

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, and Mr. Dillon, pro se. The Clerk is further directed to remove this case from the court's active docket.

**IT IS SO ORDERED** on this 12th day of September, 2012.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge